```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CLYNTON CHASE,**

        Plaintiff,

                CIVIL ACTION
  vs.              No. 04-3038-GTV

**M. MALONE, et al.,**

        Defendants.

<u>ORDER</u>

  Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In his complaint, plaintiff seeks relief on four claims, namely: defendants' deliberate indifference to a known threat of inmate assault; the filing of a false disciplinary charge for fighting; the denial of administrative grievance forms; and plaintiff's confinement in administrative segregation without due process.

  By an order dated April 18, 2005, the court directed plaintiff to show cause why this action should not be dismissed because plaintiff's pleadings failed to demonstrate full exhaustion of available administrative remedies on all claims raised in the complaint. <u>See</u> 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

  Having reviewed plaintiff's response, the court continues to find only plaintiff's showing and argument that plaintiff was

unable to pursue administrative relief on his duty to protect claim. Even if timely exhaustion of remedies could be presumed on that single claim, plaintiff's failure to demonstrate any exhaustion of administrative remedies on his remaining claims warrants dismissal of the complaint.[1] See <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(section 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

Accordingly, for the reasons stated herein and in the order entered on April 18, 2005, the court concludes the complaint should be dismissed, pursuant to 42 U.S.C. 1997e(a).

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 27th day of April 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

[1] Nothing in plaintiff's response suggests that any of the remaining claims in his complaint were raised in the single administrative grievance documented by plaintiff in his complaint and in his response to the show cause order dated April 18, 2005. See <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), <u>cert</u>. <u>denied</u> 125 S.Ct. 344 (2004).